

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-14-2008

# Johnson v. George

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2758

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Johnson v. George" (2008). *2008 Decisions.* Paper 234.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/234

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2758

_____

MARGUERITE A. JOHNSON,
                                        Appellant
v.

ORLANDO J. GEORGE, JR.,
In both his official and personal capacities;
DELAWARE TECHNICAL AND COMMUNITY COLLEGE

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 05-cv-00157)
District Judge: Honorable Mary Pat Thynge

_____

Submitted Under Third Circuit LAR 34.1(a)
on October 23, 2008

Before:  RENDELL and SMITH, <u>Circuit Judges</u>,
and *POLLAK, <u>District Judge</u>.

(Filed: November 14, 2008)

_____

OPINION OF THE COURT

_____


_____

*  Honorable Louis H. Pollak, Senior Judge of the United States District Court for the
   Eastern District of Pennsylvania, sitting by designation.

RENDELL, <u>Circuit Judge</u>.

## I.    **Background**[1]

Appellant, Marguerite A. Johnson ("Johnson"), appeals from the District Court's order granting summary judgment in favor of Appellee,[2] the Delaware Technical and Community College ("the College"), pursuant to Fed. R. Civ. P. 56(c). Johnson alleges on appeal that the District Court erred by granting the College's motion for summary judgment because 1) the College provided insufficient notice of the charges against Johnson, including its refusal to provide affidavits from witnesses until the day of the pre-termination hearing; and 2) the District Court relied on an accountant's report that was based upon fabrications, misstatements and subjective conclusions.[3]

This appeal follows an investigation into Johnson's conduct as the Vice President and Campus Director of the Terry Campus of the College and the subsequent pre-termination hearing. An impartial hearing examiner, retired Judge Vincent Bifferato, concluded that Johnson had abused her position by using College personnel and materials

---

[1] As we write for the benefit of the parties alone, we include only those facts necessary for the disposition of this appeal.

[2] Johnson had also filed a complaint against Orlando J. George, Jr. ("George"), the President of the College. The District Court dismissed Johnson's complaint against George pursuant to the doctrine of qualified immunity. *Johnson v. George*, 2007 WL 1697276, at *10 (D. Del. 2007). Johnson does not appeal from the District Court's order dismissing her complaint against George.

[3] Johnson also claims that the District Court failed to properly apply the summary judgment standard. We find nothing to support this claim.

2

for personal matters and that she had abused the use of her College-issued credit card. Prior to the hearing, Johnson was placed on administrative leave with full pay and benefits. She was notified of the College's intention to terminate her employment, received a report (the "Santora Report") outlining the abuses the investigation uncovered, and was informed of the College's new hearing procedures.[4] Johnson filed a complaint in the District Court against the College alleging that she was denied her procedural due process rights in the events prior to and during the termination hearing. The District Court granted the College's motion for summary judgment on June 12, 2007. For the reasons stated below, we will affirm the order of the District Court.

## II.    Discussion

The District Court had jurisdiction in this case under 28 U.S.C. §§ 1331 and 1343. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment in favor of the College. *Matreale v. New Jersey Dep't of Military & Veterans Affairs*, 487 F.3d 150, 152 (3d Cir. 2007).

---

[4]    The new procedures provided:  1) Notice of the reasons for termination; 2) A hearing before an independent, impartial Hearing Officer; 3) The right to confront and cross-examine witnesses testifying under oath; 4) The creation of a stenographic record; 5) The burden of the College to establish one or more reasons for termination by a preponderance of the evidence; 6) The preparation of a written decision by the Hearing Officer; and 7) A binding and final decision by the Hearing Officer.

## A.      Procedural Due Process Notice Requirement

The District Court held that the notice Johnson received was sufficient under procedural due process standards.  The District Court evaluated the notice that the College afforded Johnson, stating:

> Johnson was aware that her activities were under investigation more than six months prior to the hearing.  Two and a half months prior to the hearing, Johnson received the Santora Report which outlined the allegations of financial abuse which were the basis for her dismissal.  Two weeks before the hearing, the College provided notice of the witnesses it was going to call, and days before, the College offered all of the materials and demonstratives used at the hearing.  Therefore, notice was sufficient as it provided the nature of the charges and the evidence against her, and was timely under the circumstances of the case.

*Johnson v. George*, No. 05-157, 2007 WL 1697276, at *8 (D. Del. June 12, 2007). Johnson argues that the District Court's conclusion denied her due process under her contract with the College because she was not provided with affidavits of witnesses, as stipulated in the contract.

After reviewing the evidence in the record, in the light most favorable to Johnson, we conclude that the District Court properly granted summary judgment to the College because the process she received was more extensive than the process she was due under her employment contract.[5]  As the District Court stated:

> Johnson could call and cross-examine witnesses and present evidence. Johnson was represented by counsel, and was able to test the truthfulness of

---

[5]     The employment contract states, "termination shall be for good cause, shall be supported by affidavits of person(s) having knowledge of such cause and by such other evidence as may be deemed sufficient to Employer."  (App. 176).

4

the accusations against her. Johnson testified on her own behalf and proffered 6 witnesses and 47 exhibits.

*Johnson*, 2007 WL 1697276, at *8. We will not disturb the District Court's holding that the pre-termination procedures satisfied the procedural due process notice requirement articulated in *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985) and *Gniotek v. City of Phila.*, 808 F.2d 241 (3d Cir. 1986), and we will affirm this aspect of the District Court's order granting summary judgment in favor of the College.

**B.     Substantive Due Process and Relevance of Accountant's Report**

Neither Johnson's complaint nor her amended complaint included a claim for a violation of substantive due process. Johnson argues that the use of false and incomplete evidence at her pre-termination hearing rose to the level of a substantive due process violation. The District Court, in addressing this argument, stated that Johnson had merely "allud[ed] to a possible substantive due process claim" in her opposition to the College's motion for summary judgment and did not specifically raise the claim until she filed her surreply brief. *Johnson*, 2007 WL 1697276, at *8 n.71. The District Court found that Johnson's delay in raising the claim was unreasonable, stating:

> The primary evidence Johnson alleges as false is the Santora Report, a document she possessed for over two and a half months before the pre-termination hearing. Johnson cross-examined the investigator and author, David Dwyer, during that hearing. Johnson knew or should have known of a substantive due process claim before this action was filed. Johnson's back door amendment to the pleadings is inconsistent with FRCP and the Local Rules of Civil Practice and Procedure of this court.

*Id.*

5

However, the District Court nonetheless addressed the merits of Johnson's substantive due process claim, and found that any inaccuracies in the report did not amount to a substantive due process violation, because Johnson had ample opportunity to challenge such inaccuracies by presenting countervailing evidence at the pre-termination hearing. *Id.* at *9. Furthermore, the District Court concluded that, considering all the evidence proffered at the pre-termination hearing other than the Santora report, the record supported the hearing examiner's finding that Johnson had converted the College's resources for her personal use. *Id.* We find no error in the District Court's ruling on this issue.

## III.    Conclusion

For the reasons set forth above, we will AFFIRM the District Court's order granting summary judgment to the College.

_____